## FEDERAL PUBLIC DEFENDER
NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI

| | | |
|---|---|---|
| S. DENNIS JOINER<br>Federal Public Defender<br><br>GEORGE L. LUCAS<br>Senior Litigator<br><br>TOM TURNER<br>M. SCOTT DAVIS<br>Research & Writing Specialists | 200 SOUTH LAMAR STREET ~ SUITE 200-N<br>JACKSON, MISSISSIPPI 39201<br>(601) 948-4284 FACSIMILE (601) 948-5510<br><br>1200 JEFFERSON AVENUE ~ SUITE 100<br>OXFORD, MISSISSIPPI 38655<br>(662) 236-2889 FACSIMILE (662) 234-0428<br><br>2510 14th STREET ~ SUITE 902<br>GULFPORT, MISSISSIPPI 39501<br>(228) 865-1202 FACSIMILE (228) 867-1907 | Asst. Federal Public Defenders<br>OMODARE B. JUPITER<br>ABBY BRUMLEY<br><br>Oxford<br>GREGORY S. PARK<br>KEVIN J. PAYNE<br><br>Gulfport<br>JOHN W. WEBER III<br>ELLEN M. ALLRED |

December 29, 2011

Hon. Paul D. Roberts, AUSA
United States Attorney's Office
900 Jefferson Avenue
Oxford, MS  38655

   Re: <u>U.S.A. v. Lino Gamez</u>
     U.S. District Court No. 2:11CR166-A-V

Dear Paul:

I look forward to working with you on the above-styled matter, and I am writing to confirm my request for discovery, including all materials to which the Defendant is entitled under the local rules of court; Federal Rules of Evidence; Federal Rules of Criminal Procedure; §§ 2510-2520, 3500, and 3504 of Title 18 U.S. Code, and the Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.

While I respectfully request the opportunity to possibly engage in plea negotiations at the appropriate time, I would note that I cannot ethically advise my client to waive any right to appeal a conviction or sentence under the Rules of Professional Conduct.  I do not believe a defendant can knowingly waive the right to challenge a sentence imposed illegally or in violation of law.  Further, should ineffective assistance of counsel, prosecutorial misconduct, or other applicable cause warranting a challenge to a conviction occur, the Defendant should have recourse.  Accordingly, I would appreciate such language being omitted from any proposed plea agreement.

I respectfully request an opportunity to inspect or review, or receive copies of, all discoverable information, including, but not limited to the following:

   A. Under Rule 16(a)(1)(A) and (B), all oral, written, or recorded statements or testimony made by the Defendant to any law enforcement officer, informant, or other government agent or employee, including the portion of any person's written record or report which includes the substance of such statements repeated, reported or incorporated into the document.

Hon. Paul D. Roberts, AUSA
December 29, 2011
Page 2

    B.    Under Rule 16(a)(1)(D), the Defendant's prior criminal record, including any arrests or convictions.

    C.    Under Rule 16(a)(1)(E), a copy of, or notice of and an opportunity to inspect, all books, papers, documents, photographs, tangible objects or identification of buildings or places, which are material to the preparation of a defense, or intended for use in any way by the Government at trial (including direct introduction or indirect reference), or which were obtained from or belong to the Defendant.

    D.    Under Rule 16(a)(1)(F), the results or reports of any physical or mental examinations, scientific experiments or tests, which are either intended for use by the Government at trial (through either direct introduction or indirect reference) or which are material to the preparation of a defense (this later category includes examinations or tests which were incomplete, inconclusive or not intended to be used by the Government at trial).

    E.    Under Rule 16(a)(1)(G), written summaries of testimony which the Government intends to use under FRE Rules 702, 703, or 705, including each such witness' opinions, the basis and reasons for each such opinion, and each such witness' qualifications.

    F.    All information and material known to the Government which may be favorable to the Defendant on the issues of guilt or punishment, without regard to materiality, within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>United States v. Bailey</u>, 473 U.S. 667 (1985) and <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995), including:

        1.    Any material or information which would tend to attenuate, exculpate, exonerate, mitigate, or reduce or limit the Defendant's involvement in, or liability for, any of the circumstances alleged in the indictment;

        2.    Any material or information which affects the credibility of any government witness or which would be of assistance in the cross-examination of any government witness, including (a) prior criminal records (including juvenile court matters or arrests which did not result in conviction), (b) any records and information revealing prior misconduct or bad acts, (c) inconsistent statements, (d) self-incriminating statements, (e) inconclusive or deceptive performance on any portion of a polygraph examination, (f) any threats, investigations, or possible prosecutions pending or which could be brought against the witness, (g) any supervision status, (h) any

Hon. Paul D. Roberts, AUSA
December 29, 2011
Page 3

        pending or potential legal disputes with any local, state or federal government or agency, (i) information concerning any possible motive of the witness in offering statements or testimony, (j) information concerning any agreements, deals, promises or inducements offered, discussed or made with a witness by any local, state or federal government employee, without regard to whether or not such employee was authorized to offer such to the witness, (k) sufficient identification of each occasion on which the witness has previously testified so that defense counsel may investigate such matters and obtain transcripts if necessary, (l) personnel and government files concerning the witness, and (m) whether the witness has ever had his or her credibility or reliability questioned or doubted by any court, prosecutor, or law enforcement agent.

    3. Any material or information concerning other potential witnesses whose testimony might tend to weaken any portion of the Government's case, or contradict any government witness, or strengthen the defense case;

    4. Any material or information which might raise questions concerning (a) the probative value of any physical evidence which the Government intends to use at trial, (b) the good faith or thoroughness of the investigation conducted by any law enforcement personnel which contributed to this indictment, or law enforcement reliance on unreliable informants or information; and

    5. Any statements, testimony or physical evidence concerning criminal conduct relevant to the allegations contained in the indictment but which does not include reference to the Defendant. For example, this would include prior statements of a government witness in which the witness was listing persons known by him to have committed relevant criminal acts, where such statement did not include a reference to the Defendant. As another example, this would include the recovery of photographs or latent fingerprints from a crime scene, where such photographs did not show the Defendant or the fingerprints did not include prints of the Defendant.

G. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of <u>United States v. Giglio</u>, 405 U.S. 150 (1972), including any documents which reflect, or information concerning, any agreement with the witness, any

Hon. Paul D. Roberts, AUSA
December 29, 2011
Page 4

        conduct requirements or performance expectation of the witness, any payment promised to or made to the witness, any requests by the witness for payment, or any items submitted by the witness for payment, and the dates, times and amounts of any payments or promises given.

H.    Any record of prior convictions of any alleged informant who will testify for the Government at trial, together with any evidence that any prospective witness has engaged in criminal activity whether or not resulting in conviction. *See* F.R.E. Rule 608(b) and Brady. Such information is of course impeachment for any government witness, and thus your production in response to this section should not be confined to persons whose testimony arose from confidential or undercover activities, but would include the prior record of any government witness.

I.    If a line-up, show-up, photo spread, or similar procedure was used in attempting to identify the Defendant, the exact procedure and participants shall be described and the results, together with any pictures and photographs. Identification requests which did not result in the identification of the Defendant are of course Brady and possible impeachment and thus would be included in your response.

J.    If any vehicle, vessel, or aircraft was allegedly utilized in the commission of any offenses charged, an opportunity for myself and/or any expert selected by the defense to inspect it, if it is in the custody of any governmental authority. Identification of any vehicle described as being involved in the commission of the offense and as being owned by or in the control of the Defendant should also be disclosed under this provision. Identification of any vehicle described as being involved in the commission of the offense and as not being owned by or in the control of the Defendant should also be disclosed as Brady and possible impeachment and thus would be included in your response.

K.    Copies of any latent fingerprints, or prints of any type, and any reports concerning those prints. Of course, any latent fingerprints identified as not being those of the Defendant should also be provided as Brady and possible impeachment.

L.    Any intention by the Government to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Procedure, including a description of such proposed evidence to a degree which fairly apprises the defendant of its general nature and which is sufficiently clear so as to permit pretrial resolution of the issue of its admissibility. United States v. Bames, 49 F.3d 1144, 1148-1149 (6th Cir. 1995); United States v. Lamplev, 68 F.3d 1296 (11th Cir. 1995).

Hon. Paul D. Roberts, AUSA
December 29, 2011
Page 5

      M.      Information concerning whether or not the Defendant was an "aggrieved person" as defined in 18 U.S.C. §2510(11).

      N.      Notice, pursuant to Fed. R. Crim. P. 12 and 41, complete notice of all evidence which the Government intends to use at trial of this matter which was obtained as a result of a search, seizure, electronic or video interception, or statement of the defendant, so that I may timely determine whether such evidence is subject to a motion to suppress.

      O.      I further respectfully request that you arrange for the transcription of the grand jury testimony of all witnesses who will testify in the Government's case in chief, if subject to Fed. R. Crim. P. 26.2 and 18 U.S.C. §3500. Statements discoverable under *Brady* and *Jencks* include *all* relevant prior statements of a witness, including trial or pretrial testimony and reports which include verbatim descriptions of the witness or which have been adopted by the witness.

      P.      I further respectfully request early production of "Jencks Act Statements," in order to avoid delay or necessity for a continuance during trial. I would greatly appreciate your informing me as to when this material might be available.

      Q.      I further request that you advise all government agents and officers involved in the case to preserve all rough notes. Those notes should thus be provided to us, through copies or an opportunity for inspection, if they contain any of the information or material mentioned above or *Jencks* material.

      R.      Any evidence that a perspective witness is bias or prejudice against the Defendant, or has a motive to falsify or distort testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

      S.      All evidence seized as a result of any search, whether by warrant or warrantless, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C). In addition, it is requested that copies of all search and arrest warrants issued in connection with this prosecution, including supporting affidavits or telephone transcriptions, be provided.

As I am certain you are aware, the identification and production of all discoverable evidence or information is the personal responsibility of the Assistant United States Attorney assigned to the case and may not be delegated without express permission of the court. It is thus requested that you personally review your own files on this case and all related files of all law enforcement agencies known to have some connection to or involvement in this case, to identify and produce the required disclosures of evidence and information.

Hon. Paul D. Roberts, AUSA
December 29, 2011
Page 6


Finally, I ask that you continue to supplement any response to these requests, as required by Fed. R. Crim. P. 16(c).

Thank you for your assistance and consideration.  Please do not hesitate to contact my office if you have any questions or comments.

            Sincerely,

             */s/ Gregory S. Park*
            GREGORY S. PARK
            Assistant Federal Public Defender

GSP:mep
cc: Mr. Lino Gamez