UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 2:11CR016

LINO GAMEZ

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT LINO GAMEZ'S MOTION IN SUPPRESS DEFENDANT'S STATEMENT

The government hereby responds in opposition to Defendant Lino Gamez's Motion to Suppress his statement. In support of its opposition to his Motion to Suppress his voluntary oral statement, the government would show as follows:

1.

On November 18, 2011, FBI agents Tom Bohlke and Ryan Arton went to Lino Gamez's place of employment in Memphis, Tennessee, identified themselves as FBI agents, and asked to speak to Gamez. He agreed. He took the agents to an office at the work place and was interviewed by the agents. He was not taken into custody or restrained in any manner. He was free to terminate the interview, but did not ask to do so. During the interview he initially denied any sexual involvement with a particular minor female. The agents advised him that they had spoken with the minor and that she alleged that Gamez and she had engaged in consensual sexual intercourse on a number of occasions. He admitted that he had engaged in numerous sexual encounters with the minor in Mississippi and in Tennessee. He steadfastly denied ever providing the minor with drugs or alcohol. When the interview ended the agents left Gamez's workplace. Gamez was never arrested, taken into custody, handcuffed, or restrained in any manner during the interview or after the interview. Gamez was not in custody so the agents did not advise him

of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Gamez did not ask that questioning cease and did not ask to speak to an attorney before answering questions. Neither did he invoke his right to counsel at any time during the interview.

2.

Miranda warnings must be given only when a suspect is in custody and subject to interrogation. Illinois v. Perkins, 496 U.S. 292, 297 (1990). Any statements made by Gamez were purely voluntary and not subject to suppression under Miranda. Id. Custody, as Gamez argues is an objective determination to be made by the district court based on constitutional standards established in Miranda and its progeny. It is clear that under the circumstances of the case – Gamez being interviewed at his employment, in a room of his choosing, not restrained in any manner, advised he did not need to speak to the agents, free to terminate the interview, and would not be arrested – that there was no custodial seizure.

The talisman for the need to advise one of his rights under Miranda is custody. Gamez implies that because of some "manifested" suspicion of him, the agents might have been obligated to advise him of his rights. That canard has been rejected. Gamez cites United States v. Phelps, 443 F.2d 246, 247 (5th Cir. 1971), that perpetuated that belief. Phelps's abrogation was recognized in United States v. Corral-Franco, 848 F.2d 536, 540 (5th Cir. 1988). "One not formally arrested is deemed in custody if, but only if, 'a reasonable person in the suspect's position would have understood the situation to constitute a restraint on the freedom of movement of a degree which the law associates with formal arrest.'" Id. (Quoting United States v. Bengivenga, 845 F.2d 593, 596 (5th Cir. 1988)).

3.

A defendant may invoke rights at any point. Once invoked, questioning must cease. At 473-74. An invocation of <u>Miranda</u> rights must be unambiguous and unequivocal, not a mention of the word "attorney" or asking whether he should get an attorney. <u>Davis v. United States</u>, 512 U.S. 452, 458-59 (1994). Gamez apparently concedes that he never asked that he be allowed to speak to an attorney or that questioning stop. He never invoked right to counsel or to remain silent.

4.

Here, Gamez gave a voluntary statement. He was not in custody. He did not invoke his right to remain silent or to the presence of counsel during questioning.

**Conclusion**

Contrary to Gamez's assertions, he was not in custody. He gave voluntary statements and did not unambiguously invoke his right to remain silent or to speak to counsel before answering questions of the agents. The statements were given voluntarily. The defendant's Motion to Suppress his voluntary, non-custodial statement should be denied.

    Respectfully submitted,

    FELICIA C. ADAMS
    United States Attorney

    */s/ Paul D. Roberts*
    By:
        PAUL D. ROBERTS
    Assistant United States Attorney
    Mississippi Bar No. 5592

## CERTIFICATE OF SERVICE

I, PAUL D. ROBERTS, Assistant United States Attorney, hereby certify that I electronically filed the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT LINO GAMEZ'S MOTION TO SUPPRESS** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Honorable William F. Travis
bill@southavenlaw.com

This the  13th  day of March, 2012.

 /s/ Paul D. Roberts
PAUL D. ROBERTS
Assistant United States Attorney