IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.  CAUSE NO. 2:11CR166

LINO GAMEZ  DEFENDANT

## JURY INSTRUCTION

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened - that is, reaching your decision as to the facts - it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and the parties have a right to expect nothing less.

The indictment of formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proven beyond ALL possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful consideration of all the evidence in this case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon without hesitation in your own affairs.

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those

questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw such inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make the deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

I remind you that it is your job to decide whether the government has proven the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be to make judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In

making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

You will also note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be a secret.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                        CAUSE NO. 2:11CR166

LINO GAMEZ                                                 DEFENDANT

JURY INSTRUCTION

The defendant is charged in Counts One and Two with using a minor to create child pornography in violation of Title 18, United States Code, Sections 2251(a) and 2256(2)(E). Section 2251 makes it a violation to produce child pornography.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt, as to each count.

*First:* the defendant: employed or used or coerced a minor to take part in sexually explicit conduct for the purpose of producing visual depictions (in this case digital images) of such conduct;

*Second:* at the time that the depictions were made, the victim was under eighteen years old; and

*Third*: the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce;

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                            CAUSE NO. 2:11CR166

LINO GAMEZ                                                     DEFENDANT

---

JURY INSTRUCTION

---

The Court instructs you that it is not necessary for the government to prove that producing visual depictions was the sole or even dominant purpose of the minor being employed or used or coerced to take part in sexually explicit conduct. It is enough if the evidence shows that producing visual depictions of that activity was one of the Defendant's dominant purposes.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.  CAUSE NO. 2:11CR166

LINO GAMEZ  DEFENDANT

JURY INSTRUCTION

For the purposes of this trial, the following terms have the following definitions and meanings:

1) "minor" means any person under the age of eighteen years;

2) "sexually explicit conduct" means lascivious exhibition of the genitals or pubic area; and

3) "visual depiction" includes data stored on a cellular telephone, computer disk or by other electronic means which is capable of conversion, by computer program or other method, to a visual image.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.  CAUSE NO. 2:11CR166

LINO GAMEZ  DEFENDANT

## JURY INSTRUCTION

The testimony of someone who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.   CAUSE NO. 2:11CR166

LINO GAMEZ   DEFENDANT

JURY INSTRUCTION

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS. CAUSE NO. 2:11CR166

LINO GAMEZ DEFENDANT

## JURY INSTRUCTION

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                  CAUSE NO. 2:11CR166

LINO GAMEZ                                    DEFENDANT

## JURY INSTRUCTION

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.  CAUSE NO. 2:11CR166

LINO GAMEZ  DEFENDANT

## JURY INSTRUCTION

The defendant is charged in Count Three through Six with knowingly transporting minors across state lines with the intent to engage in illicit sexual activity. It is a Federal crime to transport an individual under 18 years old in interstate or foreign commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense.

For the Defendant to be found guilty of this crime the following elements must be proved beyond a reasonable doubt as to each count:

*First:* the Defendant knowingly transported the person named in the Count of the indictment in interstate commerce;

*Second:* at the time of the transportation, the person named in indictment was less than 18 years old; and

*Third:* at the time of the transportation, Defendant intended that person would engage in sexual activity for which the Defendant could be charged with a crime.

It is not necessary for the Government to prove anyone actually engaged in illegal sexual activity after being transported across state lines. The Government must prove beyond a reasonable doubt that a person under 18 years old was knowingly transported across state lines by the Defendant and that the Defendant intended at the time for the person under 18 to engage in prostitution or other

illegal sexual activity.

The Government must prove that if the intended sexual activity had occurred, the Defendant could have been charged with a criminal offense under the laws of Tennessee.

Under Tennessee state law, Tennessee Code Section 39-13-506(b), engaging in sexual intercourse with a minor is the crime of statutory rape if the minor is less than 15 years of age and the defendant is at least 4 years older than the minor.

To "transport in interstate commerce" means to move or carry someone, or cause someone to be moved or carried, from one state to another.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                          CAUSE NO. 2:11CR166

LINO GAMEZ                                                   DEFENDANT

## JURY INSTRUCTION

It is your duty to consult with one another and to deliberate in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, for the mere purpose of returning a verdict.

Remember at all time, you are judges - judges of the facts. Your sole duty is to decide whether the government has proven the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of the verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should sign and date the verdict.

If you need to communicate with me during your deliberations, the foreperson should write

the message and give it to the Marshal. I will either reply in writing or bring you back in the court to answer your message.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.