RECEIVED
DEC 08 2014
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

LINO GAMEZ
v.
UNITED STATES OF AMERICA

Criminal No. 2:11CR0166-SA

Re: MOVANT "LINO GAMEZ" RESPONSE TO THE GOVERNMENT'S OPPOSITION TO MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255.

A. The opposition to Government's Response in both Grounds One & Ground Two.

   (i). FAILURE TO PROVE "THE RELATIONSHIP BETWEEN [GAMEZ] AND THE VICTIM."

   (a). The alleged acknowledgment of T.G.'s mother of the relationship was not the point or proof Gamez argued in order to be exonerated from criminal culpability.

   (b). The acknowledgment of T.G.'s mother of the relationship was to tie the fact that the mother "knew" T.G. "LIVED" with Gamez within the State he transported T.G. to.

   (c). With evidence establishing T.G.'s mother knowing T.G. lived with Gamez (in another State) would or could had exonerated him from transporting T.G. from one State to another State if it was proven the transportation was "no longer" the plan or purpose of immorality which must be, in each case, "the dominant motive of such interstate movement." (See Mortensen v. United States, 322 U.S. 369, 88 L.ed 1331, 64 S ct 1037; and Becker v. United States, 348 U.S. 957, 99 L.ed 747)

(d) The testimony of T.G's mother admitting (besides lying) that she had no knowledge of T.G.'s whereabouts (on the dates Gamez was accused of taking T.G. across the interstate) was relevant because her acknowledgment of knowing T.G. lived with Gamez would have illustrated and constituted every transportation from one State to another was not intended to have illicit sex with T.G. Instead, it was to take T.G. back home where T.G.'s mother visited from time to time to see T.G.

(e) Although sex may have "_eventually_" took place during T.G.'s stay with Gamez, that element (of sex occurring) is outside the scope of §2423(b) violation. That being noted, if sex "had not" taken place (the inquiry would be) how could one be found guilty of statutory rape when §2423(b) does not describe the elements of sexual intercourses? §2423(b) only have the element of sexual "_intents_". For argument sakes, Congress implanted the purpose of §2423(b) for cases where a defendant had not executed his/her sexual intent.

(f) In the Welsch's case, the Government (like the Government in Gamez's case) kept speaking about the illicit sexual act that took place. However, that defendant was charged with §2423(b). The language written in that case was (quote) "The fact that _illicit_ _intercourse_ took place in the course of the journey, as an incidental occurrence, did not bring the case within the _meaning_ & _intent_ of the statute, and would not sustain a verdict of guilty against the accused." (unquote) Welsch v. United States, 220 Fed. 764, 136 C.C.A. 370.

(g) Gamez taking T.G. from one State to another (to take her home) is no different from the following case: United States v. Fisher, 266 F. 667 (4th Cir. 1920) "the mere fact that a journey from one State to another is followed by such intercourse, when the journey was not for that purpose, but wholly for other reasons, to which intercourse was not related, can not be regarded as a violation of the statute."

(h) Finally, the Government would be theroetically correct in every argument he made "if" (which is a strong "IF") §2423(b) scrutinized, described and had every element of sexual intercourses being carried out like the elements in the Tennessee Statutory Rape Statute.

B. The Government's Accusation of Gamez making a confusing argument about the jury instructions.

### (ii) FAILURE TO OBJECT TO JURY INSTRUCTIONS REGARDING STATUTORY RAPE.

(a) To say the jury already found Gamez guilty of Statutory Rape is misleading when this Circuit have already concluded that §2423(b) only prohibits the travel with the <u>intent</u> to commit Statutory Rape. (See United States v. Bredimus, 352 F.3d 200 [5th Cir. 2003]) Gamez was "<u>only</u>" found guilty of violating §2423(b).

(b) A Tennessee Statutory Rape Statute is not a Categorical match for the generic federal definitions of Statutory Rape under §2423(b), because §2423(b) lack the elements of an active sexual intercourse or inappropriately <u>touching</u> a minor.

(c) Besides citing the words of the Tennessee Statutory Rape Statute, the Government found it more clever to recite the language in the Indictment, which was furnished by his own words & understanding.

(d) If the Government could create his own elements within a Statute (unapproved by Congress) by adding & omitting language to a Statute, then there is no Justice (nor a fair trial) to a defendant. It would be easy for the Government to mark down elements that the jury should not or do not suppose to consider when deliberating a verdict. Allowing the Government to facilitate his case in such way would be prosecutorial, and it could definitely Snow-Ball into many violations of a defendant's Constitutional Rights.

(e) The Government is pimping, confusing, and misleading the Court (again) by using disinformations, and the wrong statute or subsection to reflect the true elements that the indictment poorly described to support the Statutory Rape claim.

(f) Is Gamez guilty of Statutory Rape: Yes (No question)

(g) Is Gamez guilty of transporting a Minor: Yes (Been proving)

(h) Is Gamez guilty of having an intimate relationship with a minor: Yes (No objections there)

(i) Was Gamez charged, convicted, found guilty and sentenced for Statutory Rape: No (The §2423(b) statute only criminalizes transportations of a minor with sexually illicit purpose or intent)

(j) The fact that §2423(b)'s sexual illicit texture is considered to be defined as having sex with a minor, it doesn't mean that the act has taken place. That's what the Government is twisting up here. He's not only misinterpretating and misconstruing the elements inside the subsection, but he's also overlooking the key words: "PURPOSE" "TO", oppose to words like "COMMITTED AN ACT OF TOUCHING" and other elements describing the contact of sexual parts from one to the other, which is described in a Statutory Rape statute, but omitted in §2423(b) statute.

C. The Government used 3 cases to support his oppositions towards Gamez' claim of being Indicted on Multipliciousness. Those 3 cases does not help the Government's arguments.

(iii). FAILURE TO OBJECT TO ALLEGED MULTIPLICITY OF COUNTS THREE THROUGH SIX.

(a) Bell v. United States, 349 US 81, 89 (1955) was a case regarding the "ACT" ("not" the INTENTIONS) of prostitutions, and it also involved two female victims (unlike in Gamez' case); moreover, the case was REVERSED.

(b) The Government used Bell v. United States to support the justification of imposing the multiplicity of Counts Three through Six. Whereas, the Supreme Court (in Bell v. United States) stated that, 'Congress has provided different penalties according to the "AGE" of the victim, which plainly indicates that the "individual" woman induced is the (prosecutable) "UNIT" of the offense.' (Not "the trip" as the Government claimed).

(c) To say the trip was the "Prosecutable Unit" would not only contradict the Government's claim of Gamez being convicted for Statutory Rape, but it would also imply that it would be illegal to travel in interstate with a minor without the illicit intent towards the underage victim.

(d) The transportation and the illicit sexual intent can not stand without each other. Not under §2423(b) - that is. This was the sole purpose of saying the counsel was ineffective & unwise not to point out that every transportation (after the date on Count 3 charge) should not had been considered a violation.

(e) The dominant motive was established and fixed solidly "after" T.G. moved in with Gamez. Witnesses would had testified that T.G. moved in once and never moved out until "after" Gamez was arrested. T.G. did not move out 3 or 4 different times, to be returned back after Gamez saw her again. Therefore, the additional counts after the first count (Count 3) had double counted Gamez for the same immoral transportation with the same victim.

PAGE 5 of 7

(f) The Government brought up two other cases: United States v. Kitowski and United States v. Bullock. Those cases does not tackle the same elements regarding a minor (or person) being transported in order to justify Gamez being punished separately for the same victim. Those cases involves guns and cars. Surely Congress didn't intend to recognize transportation of a minor equivalent to something materialistic to support a concept of separate punishment.

(g) For argument sakes, if the Government's argument is viable for bringing up Kitowski and the Bullock's case, then Gamez take the Court's attention on United States v. James :, 2001, US App. LEXIS 32296 (5th Cir. 2001) which states: "the same weapon, listed in Counts 10 & 18 are linked to the same underlying drug offense."

(h) In Gamez' case, the same victim in Counts 3, 4, 5, and 6 were linked to the same underlying TRANSPORTATIONS OF A MINOR offense, as of an ongoing act (with 1 composite harm to the same victim) that did not contain anything differently from the Counts he was found guilty on. Only the dates were different, which is insufficient when it comes to an ongoing relationship that never ended. (See Van Pelt v. United States, 240 F. 346 [4th Cir, 1917])

(i) In addition, two or more offenses may be separated and distinct in law even though they grew out of the same transactions, "if" each embraces one or more elements different from the others. See Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed 489; and Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 75 L. Ed 306.

(j) Double counting would had been viable according to 3D1.2, cmt., application N.4 under the U.S.S.G. if the defendant is "convicted" of 2 counts of "raping" the same person on different days. (Key words here: "CONVICTED" of "RAPING")

(k) Needless to add (which the Government failed to respond to) was the double assessment fees imposed on Gamez for the 4 counts that are running concurrent. (That too was a double jeopardy violation.)

(l) The Government allege that the jury had ample evidence to believe Gamez' intentions with T.G., as well as the reasons for the nearly daily trips to his house in Memphis.

(m) On the contrary, the jury was only giving enough info to believe Gamez' was guilty of Statutory Rape.

(n) That information "mudded the water" because the focus should not had went outside the scope of §2423(b)'s context. The Counselor should had fixated the jury's focus on the purpose of "each" trip that brought up Counts 3, 4, 5 and 6.

Thus, for the reasons mentioned above, Gamez' conviction should not be affirmed. He should receive a sentence reduction.

## CONCLUSION

Gamez' motion for relief should be granted.

respectfully submitted,

_____
LINO GAMEZ
Reg. No. 24880-076
P.O. Box 1032
Coleman, FL. 33521

This the 1st day of December, 2014

A copy of this Response was sent to Paul D. Roberts (A.U.S.A)

PAGE 7 of 7

Tino Came
SHU - Federal
P.O. Box 1010
Coleman, Florida 33521

Clerk, U.S. District Court
for the Northern District of
Mississippi
911 Jackson Avenue, Rm #36
Oxford, MS. 38655